

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  Criminal No. 2:92CR163-5

RONALD EVANS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered March 21, 2014 ("March 21 Opinion"), the Court granted in part and denied in part, Ronald Evans's successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). United States v. Evans, No. 2:92CR163-5, 2014 WL 1165858, at *13 (E.D. Va. Mar. 21, 2014.) The matter now comes before the Court on Evans's Motion to Alter the Court's Judgment filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Evans's Rule 59(e) Motion," ECF No. 102), the Government's Response, and the Government's Motion to Reconsider ("Government's Rule 59(e) Motion," ECF No. 103) the Court's Order. For the reasons stated below, the Court will deny Evans's Rule 59(e) Motion. The Court will grant the Government's Rule 59(e) Motion because any error in sentencing Evans to life imprisonment on Count Thirty-Six is harmless. The Court therefore will vacate the portion of the Order granting Evans's § 2255 Motion as to Count Thirty-Six and ordering a resentencing as to that count. The Court will deny Evans's § 2255 Motion as to Count Thirty-Six.

I.   PROCEDURAL HISTORY

On December 12, 1992, a jury convicted Evans of conspiracy to distribute and possession with intent to distribute in excess of five kilograms of cocaine, in excess of one kilogram of heroin, and more than fifty grams of a mixture containing cocaine base, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Eight, Eleven, Fourteen, Twenty-Three, Thirty-Six, Forty-One). (Judgment in a Criminal Case 1-2.) On July 30, 1993, the Court sentenced Evans to life in prison on Counts One and Thirty-Six, 240 months on Counts Eight, Fourteen, Twenty-Three, Forty-One, and 480 months on Count Eleven. (Judgment in a Criminal Case 3-4.) The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Hazel, Nos. 93-5634, 93-5635, 93-5636, 93-5637, 1994 WL 642198, *8 (4th Cir. Nov. 15, 1994). On April 24, 1995, the Supreme Court of the United States denied Evans's petition for a writ of certiorari. Evans v. United States, 514 U.S. 1087 (1995).

On February 26, 1998, this Court denied Evans's first motion filed pursuant to 28 U.S.C. § 2255. Thereafter, Evans sought permission from the Fourth Circuit to file a successive § 2255 motion based upon the Supreme Court's decision in Graham

v. Florida, 560 U.S. 48 (2010). On October 6, 2011, the Fourth Circuit granted Evans authorization to file this successive § 2255. In re Evans, 449 F. App'x 284, 284 (4th Cir. 2011).

In his § 2255 Motion, Evans argued that his life sentence without possibility of parole violated the Eighth Amendment[1] under Graham v. Florida, 560 U.S. 48 (2010), and that Graham announced a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court of the United States, thus entitling Evans to relief. In the March 21, 2014, Memorandum Opinion and Order, the Court concluded that "that Evans has shown that Graham v. Florida, 560 U.S. 48 (2010), announced a new rule of constitutional law retroactively applicable on collateral review," United States v. Evans, No. 2:92CR163-5, 2014 WL 1165858, at *13 (E.D. Va. Mar. 21, 2014), and accordingly, that Evans "demonstrate[d] entitlement to relief with respect to his sentence of life imprisonment for Count Thirty-Six." Id. at *5. Nevertheless, the Court concluded that "Evans fails to demonstrate that Graham extends to his adult conviction and sentence for Count One." Id. The Court denied Evans's § 2255 Motion with respect to Count One and granted the motion with

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

respect to Count Thirty-Six in the form of resentencing for that count. Id. at *13. The Court "enter[ed] final judgment on Evan's § 2255 Motion and reserve[d] resentencing on Count Thirty-Six until [the] conclusion of any appeal." (Order 1, ECF No. 99.)

## II. STANDARD FOR RULE 59(e) RELIEF

The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

## III. ANALYSIS

### A. Evans's Rule 59(e) Motion

First, Evans argues that the Court's conclusion that Evans has adult liability for Count One because Evans failed to withdraw from the drug distribution conspiracy before his

4

eighteenth birthday is "clear error of law or a manifest injustice." (Evans's Rule 59(e) Mot. 2 (citation omitted).) Second, Evans requests that the Court vacate the portion of the Order entering final judgment and resentence Evans on Count Thirty-Six. The Court will deny Evans's Rule 59(e) Motion challenging the Court's judgment with respect to Count One. The Court will deny Evans's Rule 59(e) Motion to the extent it seeks resentencing on Count Thirty-Six.

1. **No Entitlement to Rule 59(e) Relief for Count One**

Evans argues that the Court erred in finding that he failed to demonstrate that Graham v. Florida, 560 U.S. 48 (2010) extended to his adult conviction and sentence for Count One. Evans contends that the Court relied on the wrong standard for determining that Evans had adult liability. On that point, Evans states:

> In its March 21, 2014 [M]emorandum [O]pinion, the Court framed its inquiry as two separate questions: whether Mr. Evans withdrew from the conspiracy before he turned 18, and whether Mr. Evans took any action to advance the conspiracy after he turned 18. However, the first question is based on a clear error of law: for someone who joined a conspiracy as a juvenile, the proper analysis is whether he ratified his participation in the conspiracy once he became an adult, not whether he affirmatively withdrew while he was still a juvenile. The Court answered the second question by failing to consider the entire record, and thus mistakenly concluded that Mr. Evans acted as an adult to further the conspiracy.

5

(Evans's Rule 59(e) Mot. 2-3.) Evans cites to United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984) and essentially suggests that the Court committed clear error of law by failing to take into account statutory standards under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031.[2] Evans contends that Spoone stands for the proposition that the "[G]overnment must prove [that a] defendant engaged in [an] act indicating his participation in [the] conspiracy after [his] 18th birthday." (Evans's Rule 59(e) Mot. 3 (citations omitted).) Evans essentially argues that the Federal Juvenile Delinquency Act displaces well-settled conspiracy law and requires proof of overt acts committed after a defendant's eighteenth birthday.

As the Government correctly asserts, Evans raised no challenge to his conviction for the conspiracy count based on statutory standards under the Federal Juvenile Delinquency Act in either his first or successive § 2255. A "'Rule 59(e) motion may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment.'" See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127-28 (2d

---

[2] Amongst other provisions, the Federal Juvenile Delinquency Act "does not allow an individual to be tried as an adult in federal district court for crimes committed while a minor except in narrowly defined circumstances." Spoone, 741 F.2d at 686 n.2.

ed. 1995))). Evans may not now use Rule 59(e) to raise this new argument with respect to Count One.

In any event, this new argument lacks merit. In Spoone, the defendant was convicted of a single conspiracy count for acts committed while he was 17 and 18. 741 F.2d at 686-87. The defendant had initially been indicted on three substantive counts, however, once the Government learned that the defendant was a juvenile at the time he allegedly committed the three substantive offenses, "it dismissed all substantive counts." Id. at 687. During trial, the Government "offered evidence to show that the conspiracy, as well as his involvement in it, continued past his eighteenth birthday." Id. On appeal, the defendant challenged whether "the trial court improperly admitted evidence pertaining to [the defendant's] activities before his eighteenth birthday" and claimed "that without this evidence, the jury could not have convicted him" of a conspiracy count. Id.

The Fourth Circuit explained that:

> It is true that [the defendant] was only seventeen years old when all but one of the overt acts alleged in the conspiracy count occurred. The government, however, offered evidence to show that the conspiracy, as well as his involvement in it, continued past his eighteenth birthday. . . .
> . . . The Juvenile Delinquency Act does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor, so there is no question that the

> district court has jurisdiction over the conspiracy prosecution against [the defendant]. The government presented evidence from which a jury could infer that [the defendant's] involvement in the conspiracy continued after he turned eighteen . . . .

Id. The Fourth Circuit rejected the defendant's argument, and explained that, "[i]n these circumstances, we hold that the court acted properly in admitting evidence of [defendant's] pre-eighteenth activity." Id.

As explained in the the March 21 Opinion, the Government presented sufficient evidence from which a jury reasonably could infer that Evan's involvement in the conspiracy continued after his eighteenth birthday. See United States v. Evans, No. 2:92CR163-5, 2014 WL 1165858, *11-13 (E.D. Va. Mar. 21, 2014). With the record in that posture, Evans has not shown a clear error of law or any other ground for Rule 59(e) relief.

Evans's remaining argument with respect to Count One rehashes the arguments that were made in his § 2255 Motion. Evans states that:

> even if the Court was correct as to Mr. Evans's post-18 actions, the Court ignored Graham's holding that juveniles have diminished responsibility for sentencing purposes, and erroneously relied on Mr. Evans's actions while a juvenile, and on those of his co-conspirators during the same period, to sentence Mr. Evans to life. That manifest injustice should be altered.

(Evans's Rule 59(e) Mot. at 3.) Hence, Evans has failed to demonstrate that the Court committed a clear error of law or

8

that a manifest injustice has occurred because a "Rule 59(e) motion may not be used to relitigate old matters. . ." See Pac. Ins. Co., 148 F.3d at 403. The Court previously considered the arguments that Evans once again makes and found them unavailing. Thus, Rule 59(e) relief will be denied as to Count One.

### 2. Resentencing

In the March 21 Opinion, the Court concluded that Evans had shown that Graham v. Florida, 560 U.S. 48 (2010), announced a new rule of constitutional law retroactively applicable on collateral review. Thus, the Court granted Evans's § 2255 Motion claim as to Count Thirty-Six and ordered resentencing. The Court directed that the parties submit their position on resentencing, but reserved any resentencing until the conclusion of any appeal. Both parties submit that, in its current form, the March 21, 2014 Order is not final and therefore cannot be appealed. Evans urges the Court to vacate the portion of the Order entering final judgment and to conduct a resentencing on Count Thirty-Six. (Evan's Rule 59(e) Mot. 12 (citation omitted).)

An "order, which contemplate[s] the petitioner['s] future resentencing[ ] but [does] not actually sentence the petitioner[ ], [is] a non-appealable interlocutory order under § 2255." United States v. Hadden, 475 F.3d 652, 662 (4th Cir. 2007) (citing Andrews v. United States, 373 U.S. 334, 339-40

9

(1963)). Thus, until the Court "actually resentence[s] the petitioner[ ], the § 2255 proceeding [is] not complete, and no appeal [can] be taken from the . . . [C]ourt's order contemplating, but not accomplishing the prisoner['s] resentencing." Id. (citing Andrews, 373 U.S. at 338; United States v. Stitt, 459 F.3d 483, 485 (4th Cir. 2006)).

In its present form, the March 21, 2014, Order is not a final judgment because it orders resentencing at a future date pending an appeal. Nevertheless, as explained below, no resentencing is required with respect to Count Thirty-Six. Thus, the Court will vacate the portion of the March 21, 2014 Order contemplating a resentencing.

B.  **Government's Rule 59(e) Motion**

In response to Evans's motion to reconsider the March 21 Opinion, the Government argues that any error in imposing a life sentence on Count Thirty-Six is harmless because Evans has a valid life sentence on Count One. Accordingly, the Government contends that the Court need not conduct a resentencing on Count Thirty-Six. The Court agrees that any error under Graham is harmless.

In the March 21 Opinion, the Court concluded that, because Evans was under the age of eighteen at the time of the conduct alleged in Count Thirty-Six, Graham invalidated Evans's sentence to life without parole. Thus, the Court found that Evans's life

10

sentence was erroneously imposed, and granted habeas relief on Claim Thirty-Six in the form of resentencing.

That error, however, "does not automatically entitle a petitioner to a grant of a writ of habeas corpus. Instead, a habeas court reviews such error for harmlessness." Wiggins v. Boyette, 635 F.3d 116, 121 (4th Cir. 2011) (citations omitted). The Court determined that Evans had adult liability for Count One, thus Graham failed to invalidate his life sentence on that count. The life sentences imposed for Counts One and Thirty-Six were ordered to run concurrently. Thus, a reduced sentence on Count Thirty-Six would not affect the length of time that Evans serves in prison because he was sentenced to serve life in prison on Count One. Cf. United v. Christian, 452 F. App'x 283, 288 (4th Cir. 2011) (explaining that error in sentencing is harmless when the "reduced sentence on [one count] would not affect the length of time [appellant] will spend in prison"). Accordingly, any error in sentencing Evans's to life in prison on Count Thirty-Six was harmless, in light of his valid sentence of life on Count One. See United States v. Chase, 296 F.3d 247, 249-50 (4th Cir. 2002) (citations omitted) (explaining that an "error [is] harmless . . . if it did not result in a sentence greater than that which would otherwise have been imposed").

Moreover, while both Evans's and the Government's Rule 59(e) Motions were pending, Evan's filed an unopposed motion for

11

relief pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines arguing that he "is eligible for a sentence of 360 months to life, rather than the mandatory life sentence he received originally." (ECF No. 107, at 1.) On March 16, 2015, Evans's 18 U.S.C. § 3582(c)(2) motion was granted and his life sentences were reduced to 360 months in prison. (ECF No. 112.) Thus, any need to resentence Evans on Count Thirty-Six has been eliminated by the new (and current) sentence that is less than life without parole.

### IV. CONCLUSION

The Court will deny Evans's Rule 59(e) Motion. The Court will grant the Government's Rule 59(e) Motion. The Court will vacate the portion of the March 21, 2014 Order granting Evans's § 2255 Motion with respect to Count Thirty-Six. The Court finds that Evans lacks entitlement to habeas relief and will deny his § 2255 motion. Because the issues herein are novel, the Court will grant a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Evans and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 8, 2015